■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO ROGERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered April 29, 1983, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Lagana, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Judgment affirmed.

The defendant's claim that the pat down frisk of his person and seizure of a gun from his coat pocket was illegal is without merit. The police were responding to a detailed radio transmission which described a black man with a gun in his coat pocket at a particular location. The man was described as approximately 6 feet, 1 inch tall, 280 pounds, wearing a red sweater and a red and white hat. Upon arriving at the scene, the arresting officer observed the defendant, who matched the description both as to physical characteristics and attire. He also observed a bulge in the defendant's coat pocket which appeared to be a heavy object. Under these circumstances, where the detailed radio transmission was consistent with what was actually encountered at the scene, its reliability could be assumed (see, People v Benjamin, 51 NY2d 267, 270; People v Lypka, 36 NY2d 210). Moreover, the defendant never challenged the reliability of the radio transmission (see, People v Jenkins, 47 NY2d 722). We are satisfied that the information contained in the radio transmission, combined with the officer's observations at the scene, supported a reasonable

suspicion that the defendant was armed and, therefore, the officer was justified in approaching with his gun drawn and conducting a limited pat down frisk of the defendant's outer garments *(see, People v Benjamin, supra; People v Pitt,* 110 AD2d 723, *cert denied* — US —, 106 S Ct 254). Lazer, J. P., Brown, Rubin and Eiber, JJ., concur.