■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD REYNOLDS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Mackston, J.), rendered March 16, 1987, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements.

Ordered that the judgment is affirmed.

We affirm the hearing court's denial of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements, but for reasons different than those stated by the hearing court. The defendant contends that the physical evidence and his statements should have been suppressed as the fruits of an illegal arrest. While the hearing court concluded that the police action in this case was supported by probable cause in its inception, we find it unnecessary to reach that issue. The hearing testimony established

that the initial intrusion was a pat-down frisk of the defendant's outer clothing. A frisk may be conducted in the absence of probable cause provided that the information known to the police officer is sufficient to induce an ordinary prudent person to believe that criminal activity is at hand, and that the scope of the intrusion is reasonably related to the circumstances which justified the intrusion in the first place (see, Terry v Ohio, 392 US 1, 20-22; People v Cantor, 36 NY2d 106; People v Benjamin, 51 NY2d 267).

In this case, a woman called the police and informed them that "a boy * * * with a gun" was outside a particular address. The woman gave her name and address which was the same location. When the police arrived at the scene, a woman standing in the doorway indicated that she had called the police and pointed to the defendant, who was standing only a few feet away. The officer then observed an object which he believed to be the butt of a handgun under the defendant's jacket. The officer was justified in immediately pressing against the object and, upon feeling a gun, removing it from under the jacket (see, People v Salaman, 71 NY2d 869, 870; People v Rogers, 121 AD2d 481). It follows that the defendant's statement at the scene of the arrest was not the product of an illegal arrest, and the hearing court properly declined to suppress this statement. The other items of physical evidence were properly seized during a search conducted pursuant to the arrest for possession of a weapon (see, People v Mateo, 122 AD2d 229, 232). Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.