■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered August 13, 1990, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Demarest, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

At approximately 11:30 P.M., on March 23, 1990, Detective Peter Walsh and two fellow officers observed the defendant, who was accompanied by two other men, standing behind a car parked next to a fire hydrant. The officers noticed that one

of the men was holding a license plate in one hand and a screwdriver in the other. The officers pulled their patrol car behind the parked car, exited their vehicle and approached the defendant. As Detective Walsh neared to within a few feet of where the defendant was standing, the defendant suddenly turned his back on Walsh and reached "immediately toward" his waistband. Detective Walsh, fearing the presence of a weapon, restrained the defendant's arms, and while doing so, felt a hard object in the defendant's waistband. Upon frisking the defendant, the detective recovered a loaded .357 magnum pistol and two live shells.

On appeal, the defendant contends that the police acted impermissibly in conducting a frisk based solely upon the arresting detective's suspicion that he was in possession of a weapon. We disagree.

It is well settled that, "[a]ny inquiry into the propriety of police conduct must weigh the degree of intrusion it entails against the precipitating and attending circumstances *(People v De Bour,* 40 NY2d 210, 223), and where the officer is justified in believing that the suspect is armed, a frisk for weapons is permissible" *(People v Salaman,* 71 NY2d 869, 870; *see, Terry v Ohio,* 392 US 1, 27). The Court of Appeals has recently emphasized, moreover, that police officers "must be permitted to take reasonable measures to assure their safety and they should not be expected 'to await the glint of steel' before doing so" *(People v Allen,* 73 NY2d 378, 380, quoting from *People v Benjamin,* 51 NY2d 267, 271; *People v Stone,* 86 AD2d 347, 350-351, *affd* 57 NY2d 762, *cert denied* 459 US 1212).

Here, the officers' conduct in pulling their patrol car behind the parked vehicle and merely approaching the defendant in a nonintrusive manner was permissible *(see, People v De Bour,* 40 NY2d 210, *supra).* After Detective Walsh observed the defendant furtively turn his back and suddenly reach towards his waistband, he was justified in taking the reasonable precautionary measure of restraining the defendant's arms in order to ensure his safety *(see, People v Stone, supra,* at 350; *People v Allen, supra; People v Benjamin, supra).* Upon permissibly doing so, and upon feeling the hard object in the defendant's waistband, the officer acted properly in conducting a frisk of the defendant's person and securing the loaded handgun which that search produced. Accordingly, since the attendant factors justified the arresting officers' actions *(see, People v De Bour, supra; People v Reynolds,* 154 AD2d 562, 563), that branch of the defendant's omnibus motion which

was to suppress physical evidence was properly denied. Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.