█ In the Matter of SHERROD H., a Person Alleged to be a Juvenile Delinquent, Appellant. [983 NYS2d 812]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Sherrod H. appeals from an order of disposition of the Family Court, Kings County (McElrath, J.), dated January 15, 2013, which, upon an order of fact-finding of the same court dated November 7, 2012, made upon his admission, finding that he had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the second degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 18 months. The appeal brings up for review the denial, after a hearing, of those branches of Sherrod H.'s omnibus motion which were to suppress physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contentions, the testimony of the police officers who testified at the suppression hearing was not incredible as a matter of law, as it was not " 'manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " (*People v Mitchell*, 68 AD3d 1019, 1019 [2009], quoting *People v Garafolo*, 44 AD2d 86, 88 [1974]). The evidence established that, after the appellant dropped a clear plastic bag containing seven clear ziplock bags containing what appeared to be marijuana, he fled the scene on foot, which at least justified a stop of the appellant based upon reasonable suspicion that he was committing a crime (*see People v Pines*, 99 NY2d 525, 527 [2002]). When a police sergeant apprehended the appellant by grabbing him by the front of his vest, the police sergeant felt an "L" shaped object in the vest, which justified a frisk of the appellant for weapons (*see People v Rodriguez*, 177 AD2d 521 [1991]).

Under these circumstances, the Family Court properly denied those branches of the appellant's omnibus motion which were to suppress physical evidence. Rivera, J.P., Balkin, Hinds-Radix and Maltese, JJ., concur.