■ MARIANO PAULINO et al., Respondents, v DEBORAH WRIGHT, as Commissioner of the New York City Department of Housing Preservation and Development, et al., Appellants. [620 NYS2d 363] —Order, Supreme Court, New York County (Carol H. Arber, J.), entered on or about June 22, 1994, which granted plaintiffs' motion for a preliminary injunction, unanimously reversed, on the law, without costs, and the injunction is vacated.

Plaintiffs, a group of homeless individuals, occupied an abandoned New York City owned building designated as 508 West 168th Street, New York, New York. The plaintiffs contend that they moved into the building, at various times, between the months of August 1993 and December 1993, although defendants maintain that a New York City Department of Housing Preservation and Development ("HPD") inspection dated March 1, 1994 reveals that the windows were still sealed and the roll-down gate was in place at that time.

During their occupancy, plaintiffs claim that certain repairs were made to the building including: the installation of a circuit breaker box, electrical wiring, and pipes; the construction and demolition of walls, ceilings, windows and floors; and the installation of plumbing and bathroom fixtures. It is important to note that there is no proof that any of these repairs were done by competent or licensed electricians or plumbers, or that they meet minimal safety levels and, although we recognize plaintiffs' desire to remain in this build-

ing, the potential for injury or death to the occupants due to poor and improper construction or hazardous conditions must be of greater concern.

On April 26, 1994, plaintiffs were evicted by New York City Police Officers and HPD officials. On May 3, 1994, the IAS Court issued a temporary restraining order directing defendants to restore plaintiffs to possession of the premises. The defendants sought to appeal the order and, in the interim, plaintiffs were offered temporary housing which, after inspection, was refused. By order dated June 9, 1994, the IAS Court granted plaintiffs' motion for a preliminary injunction directing defendants to restore plaintiffs, as well as all property seized, to the premises. We now reverse.

It is clear that defendants herein acted within their rights in evicting plaintiffs as plaintiffs were illegal occupants, or squatters, and thus had no property interest in the premises or in its continued occupancy (*Morillo v City of New York,* 178 AD2d 7, 13, *lv denied* 80 NY2d 752).

Plaintiffs' contention that RPAPL 713 requires defendants to utilize statutory remedies, rather than self-help, in regaining possession of the premises is erroneous. In *P & A Bros. v City of N. Y. Dept. of Parks & Recreation* (184 AD2d 267, 268), we held that: "While it is true that tenants as defined in RPAPL 711 may be evicted only through lawful procedure, others, such as licensees and squatters, who are covered by RPAPL 713 are not so protected * * *. RPAPL 713 merely permits a special proceeding as an additional means of effectuating the removal of nontenants, *but it does not replace an owner's common-law right to oust an interloper without legal process"* (emphasis added). Defendants, therefore, acted within their statutory rights in ordering the police to remove the plaintiffs.

We are also not persuaded by plaintiffs' assertion that they were directed to leave in a forcible and unlawful manner. Plaintiffs, who it is beyond dispute were illegal trespassers, were directed to vacate the premises by Police Officers and HPD personnel. Plaintiffs' persistent reference to the officers as "armed" is of no moment as on-duty police officers are normally so equipped. No one was struck, there were no injuries and, apparently, no one was physically removed. In sum, the officers directed the cessation of certain illegal activity, nothing more (*see, e.g., Schwartz v Certified Mgt. Corp.,* 148 AD2d 387). Concur—Ellerin, J. P., Kupferman, Williams and Tom, JJ. *[See,* 162 Misc 2d 274.]