■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO BARRALES, Appellant. [633 NYS2d 368] —Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), rendered January 27, 1994, convicting him of burglary in the first degree (two counts), robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Prior to the defendant's arrest, he made a statement regarding details of the crime that had not yet been released by the police. This statement was admitted into evidence. The defendant contends that this statement, which could have had more than one meaning, was too ambiguous to have been admitted into evidence. The defendant also challenges the prosecutor's summation remarks regarding this statement. The defendant did not preserve these claims for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245; *People v Tardbania,* 72 NY2d 852). In any event, the statement was properly admitted and its meaning and probative value were matters properly left for the jury *(see, People v Vargas,* 125 AD2d 429; *People v Rowley,* 160 AD2d 963).

We also reject the defendant's claim that the prosecutor's treatment of this statement during summation constituted reversible error. The prosecutor accurately restated the evidence presented by the testifying witnesses and made reasonable inferences from this evidence within the bounds of rhetorical comment permitted during closing arguments *(see, People v Galloway,* 54 NY2d 396).

In addition, the sentence imposed was not excessive in light of the violent nature of these crimes *(see,* Penal Law § 70.02 [3]; § 70.15; *People v Suitte,* 90 AD2d 80). Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.