**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Harold McRAE, Defendant–Appellant.**

**No. 97–1080.**

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 15, 1998.

Decided Oct. 2, 1998.

---

Patricia G. Blake (argued and briefed), Office of the U.S. Attorney, Detroit, MI, for Plaintiff–Appellee.

Sanford Plotkin (argued and briefed), Birmingham, MI, for Defendant–Appellant.

Before: GUY, RYAN, and CLAY, Circuit Judges.

## OPINION

RALPH B. GUY, Jr., Circuit Judge.

Defendant, Harold McRae, was convicted of possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1); felon in possession of a firearm, 18 U.S.C. § 922(g); and using and carrying a firearm during a drug trafficking offense, 18 U.S.C. § 924(c). Defendant's appeal challenges (1) the district court's denial of his motion to suppress evidence on the grounds that he did not have "standing" to challenge a warrantless search because he did not have a legitimate expectation of privacy in the premises;[1] (2) the sufficiency of the evidence with respect to the offense of using and carrying a firearm during a drug trafficking offense; and (3) the imposition of a two-point enhancement to defendant's offense level for obstruction of justice. For the reasons that follow, we vacate defendant's sentence with respect to the enhancement and remand for resentencing. In all other respects, we affirm.

## I.

On November 25, 1995, Detroit Police Officers Chris Cole and James Fraser drove past a house at 1245 Eastlawn in Detroit, while on routine patrol, and saw a black female coming out of the front door. Officer Cole was familiar with the house, drove by it on patrol a couple of times per week, and knew that it had been vacant for the previous ten months. Before that, crack cocaine had been sold from the house for more than a year. Being so alerted, the officers returned an hour later and conducted surveillance of the house from down the street. Over the next 45 minutes,

they observed six to eight people go into the house, stay only one or two minutes, and then leave.

The officers went up to the house. Officer Cole peered into the window and saw the defendant sitting on a couch. They announced themselves as the police, kicked open the front door, and saw defendant jump up and grab a rifle and a plastic bag. He ran to the kitchen, but was unable to get out the kitchen door. He ran down the basement stairs, threw the rifle behind the stairs, and dropped the plastic bag when Officer Cole caught up to him. The officers searched the house for other possible occupants but found none. Defendant was arrested and the officers seized the plastic bag, which contained 178 rocks of cocaine base, a loaded semi-automatic Russian SKS with a pistol grip, and $241 in cash.

Defendant was interviewed at the police station by ATF Special Agent Michael Yott at about 2:00 p.m. and, after signing a waiver of his *Miranda* rights, gave a written statement. That statement indicated in part that he had no address, the house on Eastlawn was vacant, and he had been living there about one week. McRae denied that the rifle was his and said it was in the house when he got there. Yet, he further stated that the rifle was "just there for protection." McRae also denied knowing anything about the drugs.

Following an evidentiary hearing, the district court denied defendant's motion to suppress evidence and statements, finding that (1) defendant did not have standing to contest the manner of entry into 1245 Eastlawn because he did not have a reasonable expectation of privacy in the premises and (2) the United States had met its burden of showing that no coercion was involved and that defendant's statement was voluntary. Defendant testified at trial and the jury convicted him on all three counts. Defendant was sentenced to a term of 97 months imprisonment

---

1. Although raised as an issue of "standing," the question of whether a defendant may contest an allegedly illegal search collapses into the substantive issue of whether the defendant had a legitimate expectation of privacy. *United States*

*v. Maddox,* 944 F.2d 1223, 1234 (6th Cir.1991). If there is no legitimate expectation of privacy, "it adds nothing to say that the defendant had 'no standing.'" *Id.*

on Counts I and II, to be followed by a term of 60 months imprisonment on Count III.

## II.

### A. Denial of Motion to Suppress

■ In reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error and its conclusions of law de novo. *United States v. Williams*, 962 F.2d 1218, 1221 (6th Cir.1992). A defendant bears the burden of establishing that his own Fourth Amendment rights were violated. *Rakas v. Illinois*, 439 U.S. 128, 130 n. 1, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). The two-part test requires that a defendant show (1) he had a subjective expectation of privacy in the searched premises and (2) that society is prepared to recognize that expectation as legitimate. *California v. Ciraolo*, 476 U.S. 207, 211, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986). The Tenth Circuit held in *United States v. Carr*, 939 F.2d 1442, 1446 (10th Cir.1991), that the defendant's three-week occupancy of a hotel room that was not registered to him, or someone he was sharing it with, could not be the basis of a legitimate expectation of privacy in the room. In *Carr*, the court noted that important factors to be considered in determining whether there was a legitimate expectation of privacy include ownership, lawful possession, or lawful control of the premises searched. *Id.* at 1446 (citing *Rakas*, 439 U.S. at 143 n. 12, 99 S.Ct. 421). *See also United States v. Gale*, 136 F.3d 192, 195–96 (D.C.Cir.1998) (defendant who changed the locks on an apartment rented to another and used it for packaging drugs did not have a legitimate expectation

of privacy in the apartment because he did not have legal authority to be there).

■ McRae never claimed that he owned or rented the house. Defendant's written statement on the day he was arrested indicated in pertinent part:

When the police arrested me I was at 1245 Eastlawn, Detroit, MI. This house is vacant. I have been living at this house since I got back from California about 1 week ago. The house is vacant. I am the only person living in it.

The district court's finding that the house was vacant was not clearly erroneous. Further, the district court properly concluded that McRae did not have a legitimate expectation of privacy by virtue of having stayed a week in the vacant premises that he did not own or rent. On appeal, defendant also relies on testimony presented during trial to support his claim. Such evidence, however, cannot be considered by this court because it was not offered at the suppression hearing and defendant did not renew the motion to suppress at trial. *United States v. Thomas*, 875 F.2d 559, 562 n. 2 (6th Cir.1989).[2]

■ While defendant cites two other cases to support his claim of a legitimate expectation of privacy, his reliance upon them is misplaced. In *United States v. Gooch*, 6 F.3d 673, 677 (9th Cir.1993), the finding of a legitimate expectation of privacy in a tent rested upon the fact that the tent was pitched "where one is legally permitted to camp." In the other case, *United States v. Dodds*, 946 F.2d 726 (10th Cir.1991), the court held the defendant did *not* have a legitimate expectation of privacy in an abandoned apartment where he said he sometimes slept.[3]

---

2. Even if we could consider the evidence presented at trial, we would still affirm the district court's ruling. Defendant emphasizes that there were blankets or curtains on some of the windows; furniture and a jacket in the house; and telephone service to the house. A minimal amount (.63 cents) of water was supplied to the house in the month of November and, although service had been disconnected in October, electricity was illegally supplied to the house after that date. The evidence at trial included testimony that the toilet was uprooted, that the water faucets did not work, and that the house was cold (a kerosene heater was sitting next to the television).

3. While defendant alluded to the issue of voluntariness in his statement of facts, he has not raised it as an issue on appeal. Thus, it is considered abandoned and is not reviewable. *See Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir.1991). Further, we note that if it had been raised, we would affirm the district court's denial of the motion to suppress in this regard. McRae claimed that his statement was involuntary because he was intoxicated from the marijuana he smoked on the day of his arrest. However, a statement cannot be involuntary for due process purposes in the absence of coercive police activity. *See Colorado v. Connelly*, 479 U.S. 157, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986) (coer-

## B. Sufficiency of the Evidence

■ Defendant contends that the evidence was not sufficient to support a conviction on the charge of using and carrying a firearm during a drug trafficking offense. On appeal, "the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (emphasis in original) (1979). The evidence, taken in the light most favorable to the prosecution, showed that McRae grabbed the rifle and the plastic bag containing the cocaine base and fled from the officers. Defendant argues that this cannot constitute "use" or "carrying" of the firearm "during and in relation to" the underlying offense of possession with intent to distribute cocaine base.

The Supreme Court recently addressed the scope of the "carrying" prong of § 924(c)(1) in *Muscarello v. United States,* — U.S. —, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998). The Court rejected a requirement that the firearm had been immediately available for use and held that knowingly conveying a firearm in the locked trunk of a car constituted carrying under the statute. In this case, we find the evidence that McRae had the rifle close enough to grab and then physically transported the rifle and the drugs within the house was sufficient to establish that he "carried" the firearm. As a result, we need not decide whether the evidence would also support a finding that defendant "used" the firearm as defined by *United States v. Bailey,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *See United States v. Mauldin,* 109 F.3d 1159, 1161 (6th Cir.1997) (when the evidence is sufficient to prove "carrying" under § 924(c), we need not address the "use" prong).

■ To establish the remaining element of the offense, that the firearm was carried "during and in relation to" a drug trafficking crime, the evidence must support a finding that the firearm furthered the purpose or effect of the crime and that its presence or involvement was not the result of coincidence. *United States v. Riascos–Suarez,* 73 F.3d 616, 623 (6th Cir.1996), *cert. denied,* — U.S. —, 117 S.Ct. 136, 136 L.Ed.2d 84 (1996) (weapon visible in console of car containing no drugs was nonetheless carried during and in relation to offense of *conspiracy* to possess with intent to distribute cocaine) (citing *Smith v. United States,* 508 U.S. 223, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993)). We find the evidence that McRae had the rifle and drugs together and close enough to grab when the police entered the premises, supports a finding that the rifle was used or carried "during and in relation to" the drug trafficking crime of possession with intent to distribute cocaine. *See United States v. Washington,* 127 F.3d 510, 515 (6th Cir.1997) (firearm in console of car during drug transaction was carried "during and in relation to" offense). *See also* 18 U.S.C. § 924(c)(2). Thus, the evidence, taken in the light most favorable to the government, is sufficient to support McRae's conviction on this charge.

## C. Obstruction of Justice Enhancement

■ Defendant's third claim on appeal is that the district court failed to make the necessary independent findings with respect to the perjury that was the basis of a two-point enhancement to his offense level for obstruction of justice. *See* United States Sentencing Commission, *Guidelines Manual,* § 3C1.1 (Nov.1997). We agree.

In *United States v. Dunnigan,* 507 U.S. 87, 95, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993), the Supreme Court held that if a defendant objects to an enhancement resulting from his testimony, the district court must make independent findings with respect to each element of perjury, or at least make a finding that "encompasses all of the factual predicates for a finding of perjury." Such findings are required to ensure that a defendant who is found guilty is not penalized by an enhancement under § 3C1.1 simply for having testified on his own behalf. *United States v. Spears,* 49 F.3d 1136, 1143 (6th

cive police activity is a necessary predicate to a finding of involuntariness). In this case, the

district court properly found there was no evidence of coercive police activity.

Cir.1995). Further, in order to comply with *Dunnigan* and provide a meaningful record for appellate review, we have held that the district court must "identify for the record at least some specific instances of conflicting testimony and specify which portions he finds materially perjurious ... [and] explain why the intentional perjury was material." *Id.* (citations omitted). *See also United States v. Sassanelli,* 118 F.3d 495, 501 (6th Cir.1997) (discussing requirements).

■■■ At sentencing, defense counsel objected to the probation department's recommendation that the court find McRae had perjured himself with respect to several areas of his testimony. The district court overruled the objection, without specifying the areas of conflicting testimony or making independent findings with respect to either the elements or the factual predicates necessary for a finding of perjury. Nor is there any explanation of why the perjury was material. Although the government's argument focused on defendant's testimony concerning the firearm, the district court simply overruled defendant's objection and enhanced the offense level by two points for obstruction of justice. The enhancement may not be affirmed on an inference that the ruling was based upon the government's arguments. *Spears,* 49 F.3d at 1144. We find that the record is inadequate with respect to the imposition of the two-point enhancement for perjury.[4]

Accordingly, defendant's sentence is **VACATED** with respect to the two-point enhancement under § 3C1.1 and the case is **REMANDED** for resentencing consistent with this opinion. Specifically, the district court is instructed to identify with particularity the intentionally false statements by McRae and articulate how those statements were material. In all other respects, the judgment of the district court is **AFFIRMED**.

---

4. We note that the government bears some responsibility for the failure of the district court to make adequate findings on the record to support the enhancement it sought in this case. The United States Attorney either knew or should have known what findings were required to support the enhancement and had an obligation to ask that the district court make such findings at the time of sentencing.