UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                    No. 00-4186

CALEB SAINT-BRICE,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-99-174-2)

Submitted: October 31, 2000

Decided: January 16, 2001

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mary Lou Newberger, Acting Federal Public Defender, Brian J. Kornbrath, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Caleb Saint-Brice appeals* his conviction and sentence for possession with intent to distribute crack cocaine, in violation of 21 U.S.C.A. § 841(a) (West 1999 & Supp. 2000). The district court sentenced Saint-Brice to fifty-two months imprisonment, a three year term of supervised release, and a one hundred dollar special assessment. Finding no error, we affirm.

In the district court, Saint-Brice contended that police illegally searched the trailer he stayed in for six days for the purpose of selling crack cocaine for a friend known only as "Kevin," and therefore the fruits of the search, including drugs and his tainted confession, must be suppressed. Kevin neither owned nor leased the trailer, but occupied it pursuant to an agreement with the lessee, who never lived nor intended to live in the trailer and lacked authority under her lease agreement to sublet the trailer to another. The district court denied the motion to suppress, finding that Saint-Brice had neither a subjective nor objectively reasonable expectation of privacy in the trailer. On appeal, Saint-Brice contends that the court erred in both conclusions. As to his subjective expectation of privacy, Saint-Brice emphasizes his permission from Kevin to live in the trailer, his continuous occupancy of the trailer, and his dominion and control over it during the period from August 25th until his arrest on August 31st. This expectation is one that society should consider reasonable, he argues, based upon his possessory interest and control of the trailer and his right to exclude others from it. The Government responds that Saint-Brice "was little more than a trespasser" in the trailer and that the district court correctly denied the motion to suppress.

---

*Pursuant to a plea agreement, Saint-Brice reserved the right to appeal the denial of a motion to suppress evidence and his confession.

We review the factual findings underlying a motion to suppress for clear error, while the legal determinations are reviewed de novo. *See Ornelas v. United States*, 517 U.S. 690, 691 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the government. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

To assert a Fourth Amendment challenge to the Government's use of evidence obtained during the search of the trailer, Saint-Brice must establish that he had "a legitimate expectation of privacy" in the trailer. *See Rakas v. Illinois*, 439 U.S. 128, 148-49 (1978). "A subjective expectation of privacy is legitimate if it is one that society is prepared to recognize as reasonable." *Minnesota v. Olson*, 495 U.S. 91, 95-96 (1990). The defendant has the burden of showing that he has a reasonable expectation of privacy in the area searched. *See Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980).

In *Jones v. United States*, 362 U.S. 257 (1960), the Supreme Court rejected "subtle distinctions" of property law in analyzing Fourth Amendment claims and held that a guest of the lessee of an apartment had standing to challenge the search of that apartment. *Id.* at 266-67. This standing was not available, however, to "those who, by virtue of their wrongful presence, cannot invoke the privacy of the premises searched." *Id.* at 267. Although the "legitimately on premises" standard of *Jones* was later rejected, *see Rakas*, 439 U.S. at 142, the denial of an expectation of privacy based upon wrongful presence has not been questioned. *Id.* at 143 n.12.

In this case, Saint-Brice testified that he considered his presence in the trailer proper, even when the manager of the trailer park informed him otherwise, because he had permission from the person who brought him to the trailer to sell drugs. While this may demonstrate that he had a subjective expectation of privacy, it does not change the fact that he lacked permission to be present from either the owner of the property or the lessee. Under *Jones* and *Rakas* his presence was wrongful and did not give rise to a legitimate expectation of privacy. *See United States v. McRae*, 156 F.3d 708 (6th Cir. 1998); *United States v. Gale*, 136 F.3d 192, 195 (D.C. Cir. 1998); *United States v. Kitchens*, 114 F.3d 29, 32 (4th Cir. 1997).

Accordingly, we conclude that the district court properly denied the motion to suppress, as Saint-Brice did not have a reasonable expectation of privacy in the trailer. We therefore affirm Saint-Brice's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*