**UNITED STATES of America,
Plaintiff,**

v.

**Maurice NICKENS, Defendant.**

**Civil Action No. 04–CV–80075–D1.**

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 15, 2004.

Jeanine Jones, U.S. Attorney's Office, Detroit, MI, for Plaintiff.

William B. Daniel, Detroit, MI, for Defendant.

### ORDER ADOPTING REPORT AND RECOMMENDATION

ROBERTS, District Judge.

On August 20, 2004, Magistrate Judge Majzoub issued a Report and Recommendation [Doc. 30], recommending that De-

fendant's Motion to Suppress be denied. Neither Party has filed objections within the ten day period pursuant to 28 U.S.C. § 636(b)(1). Thus, the Court adopts the Report and Recommendation. Defendant's Motion to Suppress (Doc. #13) is **DENIED**.

**IT IS SO ORDERED.**

### REPORT AND RECOMMENDATION

MAJZOUB, United States Magistrate Judge.

**RECOMMENDATION:** Defendant's Motion To Suppress both the evidence seized and the statements provided should be **DENIED**.

\* \* \*

Defendant is charged with felon in possession of a firearm and possession with intent to distribute cocaine. On March 22, 2004, Defendant filed a Motion Suppress Evidence which is now before the Court. The matter was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(B)(1)(A). The parties appeared and argued through counsel on August 3, 2004.

On December 30, 2003, Officers of the Detroit Police Department executed a search warrant at 15865 Westbrook in Detroit, Michigan where Defendant was found seated on a sofa next to a handgun which was lodged between the armrest and cushion. A vial of cocaine was found in the same room. Defendant was arrested and was verbally questioned. He then initialed his responses and answers to the questions on a form entitled "Constitutional Rights Certificate of Notification". Defendant now moves the Court to suppress the evidence seized from the home claiming that "the method of obtaining the search warrant and the means and manner in which it was executed" were unconstitutional (Defendant's Motion To Suppress, pg. 2). Defendant also seeks to suppress the statements contained in the Constitu-

tional Rights Certificate of Notification as he claims he was "compelled to sign the document after it was written by the police because of threats from the police". (Defendant's Supplemental Memorandum in Support of Motion to Suppress, pg. 2).

### FOURTH AMENDMENT SEARCH AND SEIZURE

 The Fourth Amendment to the Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures ... but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. In order to assert the protections provided by the Fourth Amendment, an individual must first prove that he had a reasonable expectation of privacy in the place that was searched. To prove a legitimate expectation of privacy, a Defendant must satisfy a two pronged test. First, he must manifest an actual, subjective expectation of privacy; and second, that expectation is one that society is prepared to recognize as legitimate. *United States v. Pollard,* 215 F.3d 643, 647 (6th Cir.2000); *Rakas v. Illinois,* 439 U.S. 128, 140, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). A defendant challenging a search or seizure under the Fourth Amendment has the burden of demonstrating standing. *Rakas,* 439 U.S. at 131 n. 1, 99 S.Ct. 421. Defendant fails to meet this burden.

During oral arguments on this motion, Defendant testified that "he was [at 15865 Westbrook] to buy and use heroin, as he had done many times before. The person from whom he bought the heroin left to go to the store and, within a few minutes after he left, the police entered, found contraband and arrested him." (Defendant's Supplemental Memo, pg. 1–2). The officers who executed the search warrant testified on behalf of the government and stated that the home was sparsely fur-

nished, was full of trash and garbage and was receiving electricity illegally. One police officer also described the bathroom as inoperable with feces in plain view. Given the government's testimony, coupled with Defendant's concessions that he was at that residence only to buy and use drugs, Defendant lacks the requisite standing to assert a violation of his Fourth Amendment rights resulting from the raid that took place at 15865 Westbrook. *Minnesota v. Carter*, 525 U.S. 83, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998)(holding that a person who is present in another's home for a drug-related business purpose has no reasonable expectation of privacy); *United States v. Perez*, 280 F.3d 318, 339 (3d Cir.2002)(holding that defendant had no reasonable expectation of privacy in another person's apartment where defendant's only purpose in the apartment was to engage in drug-related activities)(citing *United States v. Vega*, 221 F.3d 789, 797 (5th Cir.2000)(rejecting [defendant's] challenge of a search where he presented no evidence to meet his burden of showing that he had a legitimate expectation of privacy in the residence searched)); *see also United States v. McRae*, 156 F.3d 708, 711 (6th Cir.1998)(holding that a person cannot have a legitimate expectation of privacy in a vacant home).

The Court concludes that Defendant has failed to demonstrate that he had a reasonable expectation of privacy in 15865 Westbrook or that society is prepared to recognize any expectation that he had as legitimate. *McRae*, 156 F.3d at 711. Therefore, Defendant has no standing to assert a Fourth Amendment challenge to the search warrant. Because the Court so finds, the issue of whether there was probable cause to support the issuance of the search warrant is moot.

## FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS

■ Defendant also seeks to suppress the statements he gave to the police following the raid at 15865 Westbrook. In Defendant's Supplemental Memorandum in Support of Motion to Suppress, Defendant contends that he initialed and signed the statements proffered by the police upon threats of bodily harm. Specifically, Defendant alleges that members of the police threatened to "beat [his] ass" if he refused to sign and initial the statements. The officer who recorded Defendant's statements testified that he neither threatened nor mistreated Defendant in furtherance of obtaining the statements.

■ Where a confession is alleged to have been involuntary because of some element of police coercion, the defendant's due process rights under the Fourteenth Amendment are implicated.[1] *See Colorado v. Connelly*, 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986); *United States v. Newman*, 889 F.2d 88, 95 (6th Cir.1989), *cert. denied*, 495 U.S. 959, 110 S.Ct. 2566, 109 L.Ed.2d 748 (1990). In determining the voluntariness of a confession, we must examine "the totality of the circumstances surrounding the confession, both the characteristics of the accused and the details of the interrogation, and determine[ ] their psychological impact on an accused's ability to resist pressures to confess." *United States v. Brown*, 557 F.2d 541, 546 (6th Cir.1977). To support a determination that a confession was coerced, the evidence must establish that: (1) the police activity was objectively coercive; (2) the coercion in question was sufficient to overbear de-

---

1. During oral argument on this matter, the government seemed to suggest that Defendant's claim as to the admissibility of Defendant's statements raises an evidentiary issue more appropriate for trial. However, the admissibility of a confession is governed by evidentiary rules only if there is no allegation of police coercion. *Colorado v. Connelly*, 479 U.S. 157, 159, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986).

fendant's will; and (3) defendant's will was, in fact, overborne as a result of the coercive police activity. *McCall v. Dutton*, 863 F.2d 454, 459 (6th Cir.1988), *cert. denied*, 490 U.S. 1020, 109 S.Ct. 1744, 104 L.Ed.2d 181 (1989).

Defendant has not presented evidence sufficient to satisfy these elements. Until the hearing on this motion, he had never advised his attorney of the alleged police misconduct. To the contrary, Defendant's attorney indicated to the Court that he was completely unaware of Defendant's allegations of police coercion. Defendant offered no details in support of his allegations of police misconduct and never reported the alleged threat to "beat [his] ass". Defendant was not held for any length of time between the time the raid began and the time he allegedly provided the statements. Based on these facts, the Court concludes that Defendant's bare allegations fail to demonstrate that his statement was obtained by means of police coercion. Defendant's Motion to Suppress the statements should be DENIED.

### NOTICE TO PARTIES REGARDING OBJECTIONS

 The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Services*, 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n*

*Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Any objections must be labeled as "Objection # 1," "Objection # 2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection # 1," "Response to Objection # 2," etc.

August 19, 2004.