THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD STANLEY, Appellant. [856 NYS2d 221]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered April 17, 2006, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and criminally using drug paraphernalia in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Hanophy, J.), after a hearing (Demakos, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that he possessed a legitimate expectation of privacy in the apartment searched by the police is unpreserved for appellate review (*see People v Carter,* 86 NY2d 721, 722-723 [1995]). In any event, the Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, [from] unreasonable searches." The "Fourth Amendment protects people, not places" (*Katz v United States,* 389 US 347, 351 [1967]), which is to say that "Fourth Amendment rights are personal rights, which may like some other constitutional rights, not be vicariously asserted" (*Rakas*

*v Illinois,* 439 US 128, 133-134 [1978] [internal quotation marks omitted]; *Brown v United States,* 411 US 223, 230 [1973]). In order to claim the protection of the Fourth Amendment, a defendant must have "a legitimate expectation of privacy in the invaded" place, which exists where he or she has manifested an expectation of privacy that society recognizes as reasonable (*Minnesota v Carter,* 525 US 83, 88 [1998], quoting *Rakas v Illinois,* 439 US at 143-144; *see People v Ramirez-Portoreal,* 88 NY2d 99, 108 [1996]; *People v Ortiz,* 83 NY2d 840, 842 [1994]; *People v Rodriguez,* 69 NY2d 159, 163 [1987]). It is the defendant who must establish standing by showing a legitimate expectation of privacy in the place searched (*see Rakas v Illinois,* 439 US at 144; *People v Ramirez-Portoreal,* 88 NY2d at 108; *People v Gonzalez,* 68 NY2d 950, 951 [1986]; *People v Ponder,* 54 NY2d 160, 165 [1981]).

Applying these principles, the hearing court correctly concluded that the defendant failed to demonstrate that he had a legitimate expectation of privacy in the apartment the police searched, from which they seized a little over two grams of cocaine and various drug paraphernalia. According to the testimony adduced at the suppression hearing, the defendant and another person had "pushed out" the prior tenant. They did not have a lease with the landlord and had not been paying rent. In addition, the landlord had commenced a summary proceeding to have the defendant and the other illegal occupant or squatter evicted (*see* RPAPL 713; *Paulino v Wright,* 210 AD2d 171, 172 [1994]; *P & A Bros. v City of N.Y. Dept. of Parks & Recreation,* 184 AD2d 267, 268 [1992]). Thus, given that the defendant had no legal right to possess or control the subject apartment (*see Minnesota v Carter,* 525 US at 88; *Rakas v Illinois,* 439 US at 143 n 12; *People v Rodriguez,* 69 NY2d at 162), any subjective expectation of privacy he manifested in the apartment was not objectively reasonable (*see United States v Saint-Brice,* 1 Fed Appx 232, 234 [2001], *cert denied* 532 US 1044 [2001]; *United States v McRae,* 156 F3d 708, 711 [1998]; *United States v Gale,* 136 F3d 192, 195-196 [1998]; *People v Francis,* 253 AD2d 704, 705 [1998]; *see also Morillo v City of New York,* 178 AD2d 7, 12-13 [1992]).

The defendant's contention that the sentencing court improperly considered charges of which he was acquitted as a basis for imposing sentence is unpreserved for appellate review (*see People v Wiggins,* 6 AD3d 634 [2004]; *People v McCrae,* 1 AD3d 612, 613 [2003]), and, in any event, is without merit (*see People v McCrae,* 1 AD3d at 613; *cf. People v Reeder,* 298 AD2d 468 [2002]; *People v Ramsey,* 288 AD2d 240, 241 [2001]). More-

over, the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Rivera, J.P., Spolzino, Dillon and Balkin, JJ., concur.