■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHMEL MERIWETHER, Appellant. [859 NYS2d 208]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Holdman, J.), rendered September 12, 2006, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and sentencing him to a determinate term of imprisonment of three years, plus three years of postrelease supervision.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a determinate term of imprisonment of three years, plus three years of postrelease supervision, to a definite term of imprisonment of one year; as so modified, the judgment is affirmed.

Based upon our review of the circumstances presented in this case, including the defendant's youth, family background, and community involvement, as well as the People's recommendation to the sentencing court that the defendant receive a more lenient sentence, and the People's position on appeal that the sentence imposed was excessive, we find it appropriate to exercise our discretion in the interest of justice to modify the judgment by reducing the sentence imposed to a definite term of imprisonment of one year (*see* Penal Law §§ 70.02 [2] [c]; 70.45 [1]; *People v Vaughn,* 40 AD3d 1135, 1136 [2007]; *People v Suitte,* 90 AD2d 80 [1982]; *see also People v Pittman,* 48 AD3d 709 [2008]; *People v Bruce L.,* 44 AD3d 688 [2007]).

The defendant's contention that the Supreme Court should have granted him youthful offender treatment is unpreserved for appellate review (*see People v St. Hilaire,* 48 AD3d 834 [2008]; *People v Warde,* 45 AD3d 879, 880 [2007]). In any event, the denial of youthful offender treatment was a provident exercise of the court's discretion (*see People v St. Hilaire,* 48 AD3d 834 [2008]; *People v Pinheiro,* 44 AD3d 798 [2007]). Lifson, J.P., Miller, Dillon and Eng, JJ., concur.