■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORY SCOTT, Appellant. [888 NYS2d 757]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered October 26, 2006, convicting her of attempted grand larceny in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish her guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's contention that the Supreme Court should have granted her youthful offender status is unpreserved for appellate review (*see People v Meriwether,* 51 AD3d 823, 824 [2008]; *People v Warde,* 45 AD3d 879, 880 [2007]). In any event, the denial of youthful offender status was a provident exercise of the Supreme Court's discretion (*see People v Gomez,* 60 AD3d 782, 783 [2009]; *People v Meriwether,* 51 AD3d at 824).

The defendant was not denied the effective assistance of

counsel, as the record reveals that defense counsel provided meaningful representation (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Baldi,* 54 NY2d 137 [1981]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contention that the Supreme Court improperly based the sentence on crimes of which the defendant was acquitted at trial is unpreserved for appellate review and, in any event, is without merit. Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.