ALAN E. NORRIS, Circuit Judge,
dissenting.
As the Majority recognizes, “[t]he ultimate question is ... whether one’s claim to privacy from government intrusion is reasonable in light of all of the surrounding circumstances.” Rakas v. Illinois, 439 U.S. 128, 152, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978) (concurrence). Moreover, a defendant seeking to suppress evidence under a Fourth Amendment claim of unlawful search bears the burden of establishing a reasonable expectation of privacy. United States v. McRae, 156 F.3d 708, 711 (6th Cir.1998) (citing Rakas, 439 U.S. at 130 n. 1, 99 S.Ct. 421). That burden includes two elements: “(1) he had a subjective expecta *332 tion of privacy in the searched premises and (2) that society is prepared to recognize that expectation as legitimate.” Id. This is not a case where appellants, acting on their own behalf used an alias to register as hotel guests. Instead, the appellants instructed a third party to rent a motel room under an assumed name (purportedly for his own use) where they could conduct illegal activity. While defendants had a subjective expectation of privacy, I am unconvinced that they have met their burden to establish that society would recognize that their expectation as legitimate when viewed “in light of all of the surrounding circumstances.”
I respectfully dissent.