The defendant’s contention that the Supreme Court should have charged the jury with criminally negligent homicide as a lesser-included offense of murder in the second degree is unpreserved for appellate review (see CPL 300.50 [2]; People v Diaz, 71 AD3d 1158, 1158-1159 [2010]; People v Osorio, 49 AD3d 562, 563 [2008]). In any event, the defendant’s contention is without merit, as there is no reasonable view of the evidence that would support the conclusion that the defendant committed the lesser offense of criminally negligent homicide (see CPL 300.50 [1]; People v Glover, 57 NY2d 61, 63 [1982]).
Contrary to the defendant’s contention on appeal, she received the effective assistance of counsel (see People v Baldi, 54 NY2d 137, 147 [1981]; People v Calderon, 66 AD3d 314, 320-321 [2009]).
The defendant’s contention that the imposed sentence was improperly based on the crimes of which she was acquitted is unpreserved for appellate review (see CPL 470.05 [2]; People v Stanley, 50 AD3d 1066, 1067-1068 [2008]; People v Rambali, 27 AD3d 582, 582 [2006]) and, in any event, is without merit (see People v Stanley, 50 AD3d at 1067-1068; People v Robinson, 250 AD2d 629, 629 [1998]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Angiolillo, J.P., Dickerson, Hall and Austin, JJ., concur.