**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4671**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN SHREEVES,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:13-cr-00682-JFM-1)

Submitted: August 23, 2017                    Decided: October 4, 2017

Before NIEMEYER and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles N. Curlett, Jr., LEVIN & CURLETT LLC, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, David Metcalf, Seema Mittal, Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On December 12, 2013, a federal grand jury returned an indictment charging Brian Shreeves with conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (2013). The next day, Shreeves was arrested at the Fallon Federal Building in Baltimore, Maryland, where he was attending an immigration interview with his wife and his immigration lawyer, Steven Kreiss, as part of Shreeves' efforts to adjust his immigration status to that of a lawful permanent resident. When the door to the interview room opened, law enforcement agents were waiting and placed Shreeves under arrest and escorted him out of the building, while his wife and immigration attorney exited a different way. Shreeves subsequently moved to suppress the statements he made following his arrest, and the district court denied the motion. A jury convicted Shreeves of the single count in the indictment, and the district court sentenced him to 66 months' imprisonment. Shreeves timely appeals, challenging the district court's denial of his motion to suppress these statements.

When considering the denial of a motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Giddins*, 858 F.3d 870, 878-79 (4th Cir. 2017). We construe the evidence in the light most favorable to the prevailing party, in this case the Government. *United States v. Stover*, 808 F.3d 991, 994 (4th Cir. 2015), *cert. denied*, 137 S. Ct. 241 (2016).

Shreeves contends that the district court erred in admitting his postarrest statements, arguing that they were obtained in violation of his Sixth Amendment right to

counsel. "A criminal defendant's Sixth Amendment right to counsel attaches at the initiation of adversary judicial proceedings, which at least includes the point of formal charge, indictment, information, preliminary hearing, or arraignment." *United States v. Cain*, 524 F.3d 477, 481 (4th Cir. 2008) (citing *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991)). Because he had already been indicted, Shreeves' right to counsel attached prior to his questioning. Nevertheless, a defendant whose right to counsel has attached is entitled to waive that right in connection with a police-initiated interrogation. *Patterson v. Illinois*, 487 U.S. 285, 292-93 (1988); *accord Michigan v. Harvey*, 494 U.S. 344, 352 (1990) ("[N]othing in the Sixth Amendment prevents a suspect charged with a crime and represented by counsel from voluntarily choosing, on his own, to speak with police in the absence of an attorney.").

Relying on the trial testimony of his immigration attorney, Shreeves argues that the district court erred in denying his motion to suppress because law enforcement officers forcibly prevented his attorney from being present during questioning. However, we will not consider evidence first presented at trial to reverse a pretrial denial of a suppression motion where, as here, the defendant did not renew the suppression motion at trial. *United States v. McRae*, 156 F.3d 708, 711 (6th Cir. 1998); *United States v. Hicks*, 978 F.2d 722, 724 (D.C. Cir. 1992). Kreiss did not testify at the pretrial motions hearing, and Shreeves did not renew his suppression motion at trial. We therefore decline to consider Kreiss' testimony.

Homeland Security Investigations Special Agent Mary Horn was the only witness to testify at the suppression hearing with regard to Shreeves' motion to suppress his

postarrest statements. Horn testified that Kreiss immediately left when Shreeves was arrested, without asking questions and without an opportunity for her to ask if he wished to accompany Shreeves. Horn further stated that, immediately after Shreeves' arrest, agents escorted him to her vehicle where she read his *Miranda*[*] rights, and Shreeves signed a Statement of Rights form and a waiver of his rights and agreed to speak with Horn.

Shreeves argues that his waiver of his rights was rendered involuntary by his "forcible" and "coercive" separation from Kreiss. Incriminating statements "made during a custodial interrogation [must] be suppressed unless police advise the defendant of his rights under *Miranda v. Arizona*, . . . and the defendant knowingly, intelligently, and voluntary waives those rights." *Giddins*, 858 F.3d at 879 (internal quotation marks omitted). "Coercive police activity is a necessary finding for . . . a *Miranda* waiver to be considered involuntary." *Id*. at 881. However, "the coercion must rise to a level such that the defendant's will has been overborne or his capacity for self-determination critically impaired." *Id*. at 885 (internal quotation marks omitted).

Assuming without deciding that Kreiss represented Shreeves in a criminal defense capacity, none of the evidence presented at the suppression hearing supports the notion that Shreeves was forcibly separated from his attorney. Furthermore, Shreeves' own conduct during the interrogation demonstrated his knowing and voluntary waiver of his rights. Specifically, after signing the Statement of Rights, Shreeves provided information

---

[*] *Miranda v. Arizona*, 384 U.S. 436 (1966).

4

about money that had been seized and his coconspirators. When the agents began to question Shreeves about his own involvement in drug dealing, however, Shreeves said that he would need a lawyer, and the questioning ended. Thus, Shreeves demonstrated that he understood his right to counsel and chose when to exercise that right.

For these reasons, we conclude that the district court did not err in denying Shreeves' motion to suppress. Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*