People v Williams (2019 NY Slip Op 03091)





People v Williams


2019 NY Slip Op 03091


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2008-05710
 (Ind. No. 7392/06)

[*1]The People of the State of New York, respondent,
v
Anthony Williams, appellant.


Paul Skip Laisure, New York, NY (Laura B. Indellicati of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Marie John-Drigo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Joel M. Goldberg, J.), rendered May 28, 2008, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree in connection with a robbery and ensuing shootout that occurred outside of a house party in Brooklyn in September 2006. The defendant was acquitted of murder in the second degree and manslaughter in the first degree.
The defendant's contention that the People did not present legally sufficient evidence with respect to his identity as the perpetrator of these crimes is unpreserved for appellate review, as the defendant failed to move for a trial order of dismissal on the basis of that specific claim (see People v Hawkins, 11 NY3d 484; People v Villanueva, 136 AD3d 1068). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the Supreme Court should not have admitted into evidence a statement that the defendant made to his mother several hours after the subject incident because it was too vague to constitute an admission is unpreserved for appellate review (see CPL [*2]470.05[2]; People v Barrales, 221 AD2d 348, 348). In any event, we agree with the court's admission of the statement, and it was for the jury to determine its meaning and probative value (see People v Barrales, 221 AD2d at 348). In addition, the defendant was not deprived of the effective assistance of counsel due to his attorney's failure to object to the admission of the statement (see People v Cutting, 150 AD3d 873, 875; People v Watson, 121 AD3d 921, 922).
The defendant's contention that the Supreme Court should not have considered the homicide charges of which he was acquitted in imposing sentence is unpreserved for appellate review (see CPL 470.05[2]; People v Texidor, 123 AD3d 746, 747; People v Harris, 101 AD3d 900; People v Scott, 67 AD3d 1033, 1034). In any event, this contention is without merit (see People v Harris, 101 AD3d 900; People v Scott, 67 AD3d at 1034).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
DILLON, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court