■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIE J., Appellant. [731 NYS2d 118] —Adjudication unanimously affirmed. Memorandum: Defendant appeals from an adjudication upon a jury verdict finding that he committed criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) in connection with the sale of crack cocaine to an undercover State Trooper and a confidential informant. The sale was arranged through a series of tape-recorded telephone

calls between the confidential informant, defendant and codefendant. Upon completion of the sale, the Sheriff's Department investigators who arranged the sale asked a City of Geneva police officer to approach defendant on the pretext of an open container violation in order to obtain defendant's name for them; those investigators knew defendant only by the nickname that he had used to identify himself to the confidential informant. At the *Wade* hearing, a lieutenant in the Geneva Police Department testified that, on the same day that the sale was arranged, he had shown the police officer a photograph of defendant and had asked him to identify the person in the photograph. The officer provided defendant's name and stated that he had spoken to defendant earlier that day. The officer also advised the lieutenant that he knew defendant from prior dealings at an apartment complex and from a D.A.R.E. program that he had taught in which defendant had been a student. Contrary to defendant's contention, the hearsay testimony of the lieutenant was properly admitted at the hearing (*see, People v Terry,* 224 AD2d 202, 203, *lv denied* 88 NY2d 943), and the identification of defendant by a trained police officer in furtherance of an arranged drug buy was an "ordinary and proper completion of an integral police procedure" (*People v Wharton,* 74 NY2d 921, 922-923; *cf., People v Rodriguez,* 79 NY2d 445, 449-451).

Contrary to the contention of defendant, County Court did not abuse its discretion in overruling his objection to a question posed by the prosecutor on redirect examination of the investigator who identified defendant's voice from the tape recordings. Defendant sought to establish through cross-examination that the investigator did not in fact know defendant. On redirect examination, the prosecutor asked the investigator whether he knew defendant's nickname. We conclude that the court did not abuse its discretion in determining that the question was not outside the scope of defendant's cross-examination of the investigator (*see, People v Abbott,* 275 AD2d 481, 483-484, *lv denied* 96 NY2d 731; *People v Rivera,* 256 AD2d 1098, 1099, *lv denied* 93 NY2d 977; *cf., People v Melendez,* 55 NY2d 445, 451-453). Defendant's remaining contention is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Adjudication of Ontario County Court, Henry, Jr., J.—Youthful Offender.) Present—Green, J. P., Scudder, Kehoe, Gorski and Lawton, JJ.