■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIC SHAWN SINKLER, Appellant. [735 NYS2d 318] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). Defendant contends that the evidence is legally insufficient to support the conviction because his codefendant transacted the sale of cocaine to an undercover State Trooper and a confidential informant (*see, People v Alvie J.,* 286 AD2d 930). We disagree. There is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion" reached by the jury (*People v Bleakley,* 69 NY2d 490, 495), i.e., that defendant offered to sell or agreed to sell cocaine to the confidential informant (*see,* Penal Law § 220.39 [1]). Defendant failed to preserve for our review his contention that County Court erred in admitting in evidence the tape recording of the controlled buy between codefendant and the confidential informant and the transcript of that tape recording (*see,* CPL 470.05 [2]). In any event, that contention is without merit. The court did not abuse its discretion in determining "that the taped conversation accurately and fairly represents the event to which it refers" (*People v McGee,* 49 NY2d 48, 60). Defendant also failed to preserve for our review his contention that the court erred in admitting telephone records purporting to show that codefendant called defendant and the confidential informant on the day of the controlled buy (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

The court properly refused to discharge two sworn jurors. One juror advised the court prior to opening statements that the juror's son had recently recovered from a cocaine addiction. The juror stated that he had discussed with his attorney his concern that no question had been asked during voir dire that provided an opportunity to reveal that information. The court and the attorneys for defendant and codefendant questioned the juror extensively with respect to his ability to serve as an impartial juror. We conclude that the court did not abuse its

discretion in determining that the juror could serve as an impartial juror. Contrary to defendant's contention, the court properly denied defendant's request that the juror be removed by use of a challenge for cause or a peremptory challenge (*see generally,* CPL 270.20, 270.25). Also contrary to defendant's contention, the juror did not "engage[ ] in misconduct of a substantial nature" (CPL 270.35 [1]) by discussing his concerns with his attorney and advising the court attendant why he felt it necessary to speak to the court (*see, People v Santiago,* 255 AD2d 63, 68-69, *lv denied* 94 NY2d 829; *cf., People v Fox,* 172 AD2d 218, 219-220, *lv denied* 78 NY2d 966). The second juror advised the court that the testimony of a witness on cross-examination prompted her recognition of that witness. We conclude that the court did not abuse its discretion in refusing to discharge that juror (*see, People v Hill,* 167 AD2d 418).

Finally, we conclude that the court properly refused to instruct the jury on the agency defense. The evidence established that defendant arranged for the delivery of his drugs to the confidential informant, and thus there is no reasonable view of the evidence that he was acting as an agent for the buyer (*see, People v Herring,* 83 NY2d 780, 782-783). (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Burns, JJ.