■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WILSON, Appellant. [741 NYS2d 449] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered January 10, 2001, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Katz, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant was initially successful in obtaining the preclusion of one eyewitness's out-of-court computer photograph identification on the ground that it was unduly suggestive. The trial court, however, properly changed its ruling after the defense counsel's opening statement and allowed the People to elicit, upon direct examination of the eyewitness, testimony regarding that identification. The defense counsel strongly suggested in his opening remarks that the pretrial identification procedures, including the procedure for identifying the defendant through the use of a computer database, were unduly suggestive, and therefore, the witness's identification was unreliable. Since the defense counsel opened the door

to the previously-precluded evidence, the trial court providently exercised its discretion in revisiting the preclusion order, and permitting the evidence to be introduced in the People's case-in-chief (*see People v Rojas,* 97 NY2d 32, 39; *People v Shack,* 86 NY2d 529, 541-542; *People v Biondo,* 41 NY2d 483, 485-486, *cert denied* 434 US 928).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions are either without merit or unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). O'Brien, J.P., Friedmann, H. Miller and Crane, JJ., concur.