The People of the State of New York, Respondent, v Jerome Mitchell, Appellant. [892 NYS2d 442]—

The defendant's convictions arose out of an incident involving three accomplices. One of the accomplices testified at trial, another could not be found after diligent efforts, and the other was not called to testify by the People. The court granted the defendant's request for a missing witness charge and failed to draw an inference against the People. Contrary to the defendant's contention, the trier of fact is not required to draw a negative inference when a missing witness charge is given (see People v Savinon, 100 NY2d 192, 196 [2003]).

The defendant's contention that there was insufficient evidence to corroborate the accomplice testimony also is without merit. Mitochondrial DNA evidence, which expert testimony established was less conclusive than nuclear DNA evidence, but highly informative, placed the defendant at the scene of the crime, which was a secluded private street. This evidence was sufficient to "assure that the accomplice[ ] [has] offered credible probative evidence" (People v Besser, 96 NY2d 136, 143 [2001] [internal quotation marks omitted]; cf. People v Gomez, 39 AD3d 668 [2007] [corroborating evidence which placed the defendant at the scene of the crime, where the crime was a public shopping mall, was insufficient to corroborate testimony of the accomplice]).

Moreover, the testimony of the accomplice witness was not incredible as a matter of law, as it was not "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Garafolo, 44 AD2d 86, 88 [1974] [internal quotation marks omitted]).

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the

verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Skelos, J.P., Eng, Belen and Austin, JJ., concur.