■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL SANTIAGO, Appellant. [919 NYS2d 865]—

Assuming that the issue has been preserved for appellate review, the defendant's contention that the verdict was repugnant is without merit. The jury announced a verdict convicting the defendant of assault in the second degree, but a verdict never was reached with regard to the count of criminal possession of a weapon in the fourth degree (see CPL 1.20 [12]; 310.40 [1]). The marking on the verdict sheet with respect to the latter charge was "neither a verdict nor a substantive communication from the jury" (People v Boatwright, 297 AD2d 603, 604 [2002]; see People v Allums, 193 AD2d 688 [1993]), and thus could not be construed as an acquittal by the trier of fact. Therefore, in the absence of any other determination by the jury, the verdict convicting the defendant of assault in the second degree could not be repugnant.

The defendant's contention that the prosecutor engaged in misconduct during cross-examination and that various remarks made by the prosecutor during her opening statement and on summation were improper and deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05 [2]; People v Tomlinson, 67 AD3d 826 [2009]; People v Stiff, 60 AD3d 1094 [2009]; People v Smith, 298 AD2d 607 [2002]). In any event, the contention is without merit (see People v Alvarez, 76 AD3d 1098, 1099 [2010]; People v Helenese, 75 AD3d 653, 655 [2010]; People v Maisonett, 64 AD3d 794, 794-795 [2009]; People v Mann, 41 AD3d 977, 980 [2007]).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Mastro, J.P., Skelos, Eng and Sgroi, JJ., concur.