# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**310**

**KA 08-00865**

PRESENT: SCUDDER, P.J., SMITH, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

LESLIE BLAIR, ALSO KNOWN AS JAHMAN, ALSO KNOWN
AS DRED, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF
COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered February 15, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [3]). Defendant contends that Supreme Court improperly questioned him when he testified on his own behalf and that he was deprived of a fair trial thereby. Defendant failed to preserve that contention for our review (*see People v Charleston*, 56 NY2d 886, 887). We conclude, in any event, that defendant's contention is without merit. Indeed, the court properly acted within its power "to encourage clarity . . . in the development of proof," without giving any impression with respect to its own view of "the credibility of the testimony of any witness or the merits of any issue in the case" (*People v Moulton*, 43 NY2d 944, 945; *see People v Arnold*, 98 NY2d 63, 67-68). Defendant further contends that the court abused its discretion in overruling defense counsel's objection concerning the scope of the redirect examination of a witness by the People. That contention lacks merit, inasmuch as defendant opened the door to the redirect examination by only partially exploring on cross-examination the issue whether the witness and defendant had engaged in criminal activity together in the past, rendering further examination and clarification on that issue appropriate (*see People v Massie*, 2 NY3d 179, 183-184; *People v Melendez*, 55 NY2d 445, 451; *People v Alvie J.*, 286 AD2d 930, 931).

Finally, defendant failed to preserve for our review his

contention concerning the allegedly improper introduction of evidence of prior bad acts committed by him.  In any event, we conclude that any error in the admission of that evidence is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242).  The evidence of defendant's guilt in assisting in the murder is overwhelming, and there is no significant probability that defendant otherwise would have been acquitted (*see id.; People v Orbaker*, 302 AD2d 977, 977-978, *lv denied* 100 NY2d 541).  The overwhelming evidence included the scar from a gunshot wound in the webbing between defendant's thumb and forefinger, the gunshot wound to the right front of the victim's neck, and defendant's admission to an acquaintance following the shooting that he was holding down the victim when the gun wielded by another participant discharged (*see generally People v Breland*, 83 NY2d 286, 292-293).

Entered:  April 20, 2012                          Frances E. Cafarell
                                                  Clerk of the Court