◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JENNIFER JORGENSEN, Appellant. [978 NYS2d 361]—

Viewing the evidence presented at trial in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in the second degree beyond a reasonable doubt (*see People v Heinsohn*, 61 NY2d 855, 856 [1984]; *People v Hall*, 68 AD3d 1133 [2009]; *People v Jenneman*,

37 AD3d 736, 737 [2007]; *People v Hart*, 266 AD2d 698, 700 [1999]; *People v Patti*, 229 AD2d 506, 507 [1996]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that she was deprived of a fair trial by the admission of certain evidence relating to her prescription drug history is partially unpreserved for appellate review since she failed to object to the introduction of some of the challenged evidence (*see* CPL 470.05 [2]; *People v Erskine*, 90 AD3d 674, 675 [2011]; *People v Laigo*, 70 AD3d 970, 971 [2010]). In any event, the trial court did not improvidently exercise its discretion in admitting the majority of the challenged evidence, since it was relevant and not unduly prejudicial to the defendant, or was "reasonably necessary to correct the misleading impression" conveyed by the incomplete testimony the defense elicited from its expert toxicological witness (*People v Massie*, 2 NY3d 179, 184 [2004]; *see People v Blair*, 94 AD3d 1403, 1404 [2012]; *People v Wilson*, 293 AD2d 767, 768 [2002]). To the extent that the testimony concerning the risks one of the prescribed medications poses to pregnant women may have been improper, the introduction of such testimony was harmless, as the evidence of the defendant's guilt was overwhelming and there is no significant probability that this testimony contributed to her conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Furthermore, the introduction of this testimony did not deprive the defendant of a fair trial.

The defendant's claim that certain comments made by the prosecutor during her opening statement and summation were improper and denied her a fair trial is largely unpreserved for appellate review since she either failed to object to the remarks she now challenges, made only a general objection, objected on grounds other than those currently raised, or failed to request additional instructions when the court gave curative instructions, and she failed to move for a mistrial on the specific grounds she now asserts on appeal (*see* CPL 470.05 [2]; *People v Arena*, 70 AD3d 1044, 1047 [2010]). In any event, the challenged portion of the prosecutor's opening statement was not

improper since it was "a fair outline of the stark facts" (*People v Rogha*, 213 AD2d 266, 266 [1995] [internal quotation marks omitted]), served to introduce the People's theory of the case, and was consistent with the evidence they proceeded to present (*see People v Kurtz*, 51 NY2d 380, 384 [1980], *cert denied* 451 US 911 [1981]). In her summation, the prosecutor did not impermissibly attempt to shift the burden of proof (*see People v Wongsam*, 105 AD3d 980, 981 [2013]; *People v Gross*, 78 AD3d 1196, 1197 [2010]). With respect to the remaining challenged summation remarks, they constituted fair comment upon the evidence or fair response to the defense summation (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]), or "were not so flagrant or pervasive as to deny the defendant a fair trial" (*People v Almonte*, 23 AD3d 392, 394 [2005]; *see People v Svanberg*, 293 AD2d 555 [2002]). To the extent that any prejudicial effect may have resulted from the challenged remarks, it was ameliorated by the court's instructions (*see People v Galloway*, 54 NY2d at 399; *People v Safian*, 46 NY2d 181, 190 [1978]; *People v Evans*, 291 AD2d 569 [2002]; *People v Armonte*, 287 AD2d 645, 646 [2001]; *People v Robinson*, 83 AD2d 887 [1981]).

The defendant's contention that the imposed sentence was improperly based on the crimes of which she was acquitted is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Harris*, 101 AD3d 900 [2012]; *People v Stanley*, 50 AD3d 1066, 1067-1068 [2008]) and, in any event, is without merit (*see People v Harris*, 101 AD3d at 900; *People v Robinson*, 250 AD2d 629, 629 [1998]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Leventhal, Chambers and Lott, JJ., concur.