Appeal by the defendant from a judgment of the County Court, Nassau County (Donnino, J.), rendered January 26, 2012, convicting him of attempted murder in the second degree, attempted assault in the first degree, strangulation in the second *704 degree, aggravated criminal contempt, and resisting arrest, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (St. George, J.), of that branch of the defendant’s omnibus motion which was to suppress his statements to law enforcement officials.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, there is no basis to disturb the hearing court’s determination that a statement he gave to a detective was voluntarily made after he knowingly, voluntarily, and intelligently waived his Miranda rights (see Miranda v Arizona, 384 US 436 [1966]). The evidence at the suppression hearing does not support the defendant’s contention that he was “ ‘intoxicated to the degree of mania, or of being unable to understand the meaning of his statements’ ” (People v Shields, 295 AD2d 374, 374 [2002], quoting People v Schompert, 19 NY2d 300, 305 [1967], cert denied 389 US 874 [1967]). The fact that the defendant was moved from one floor of the police station to another and there was a 30-minute hiatus between the time the Miranda warnings were administered and the time the defendant made the statement did not render the statement involuntary or the warnings ineffective (see People v Tobias, 273 AD2d 925 [2000]; People v James, 271 AD2d 456 [2000]).
Suppression of two statements the defendant made to a police officer before Miranda warnings were administered was properly denied, as those statements were not the product of express questioning or its functional equivalent (see Rhode Island v Innis, 446 US 291 [1980]; People v Latimer, 75 AD3d 562 [2010]).
The defendant was not deprived of the effective assistance of counsel (see People v Caban, 5 NY3d 143, 152 [2005]). Skelos, J.E, Dickerson, Chambers and Miller, JJ., concur.