■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC HOLLAND, Appellant. [988 NYS2d 893]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Grella, J.), rendered July 1, 2010, convicting him of attempted murder in the first degree (four counts), burglary in the first degree (four counts), robbery in the first degree (four counts), burglary in the second degree, robbery in the second degree, criminal possession of a weapon in the second degree (four counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and sentencing him, as a second violent felony offender, to indeterminate terms of imprisonment of 25 years to life on each count of attempted murder in the first degree, to run concurrently with each other and consecutively to the sentences for the remaining counts, determinate terms of imprisonment of 25 years followed by five-year periods of postrelease supervision on each count of burglary in the first degree and robbery in the first degree, to run concurrently with each other and with the sentences for burglary in the second degree, robbery in the second degree, criminal possession of a weapon in the second degree under counts 17 and 18, and criminal possession of a weapon in the third degree and consecutively to the sentences for the remaining counts, determinate terms of imprisonment of 15 years followed by five-year periods of postrelease supervision on the convictions of burglary in the second degree, robbery in the second degree, and criminal possession of a weapon in the second degree under counts 17 and 18, to run concurrently with each other and with the sentences for burglary in the first degree, robbery in the first degree, and criminal possession of a weapon in the third degree and consecutively to the sentences for the remaining counts, determinate terms of imprisonment of 15 years followed by five-year periods of postrelease supervision on the convictions of criminal possession of a weapon in the second degree under counts 15 and 16, to run consecutively to each other and to the sentences for the remaining counts, and an indeterminate term of imprisonment of 3½ to 7 years on the conviction of criminal possession of a weapon in the third degree, to run concurrently with the sentences for burglary in the first degree, robbery in the first degree, burglary in the second degree, robbery in the second degree, and criminal possession of a weapon under counts 17 and 18 and consecutively to the sentences for the remaining counts. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the indeterminate

terms of imprisonment imposed on the convictions of attempted murder in the first degree from 25 years to life to 20 years to life, by reducing the determinate terms of imprisonment imposed on the convictions of burglary in the first degree and robbery in the first degree from 25 years to 10 years, by reducing the determinate terms of imprisonment imposed on the convictions of burglary in the second degree, robbery in the second degree, and criminal possession of a weapon in the second degree from 15 years to 10 years, and by providing that all terms of imprisonment shall run concurrently with each other, except that the terms of imprisonment on the convictions of attempted murder in the first degree shall run concurrently with each other and consecutively to the sentences for the remaining counts.

Contrary to the defendant's contention, there is no basis to disturb the hearing court's determination that the defendant's statements were made after he knowingly, voluntarily and intelligently waived his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]; *People v Knudson*, 114 AD3d 703, 704 [2014]; *People v Brown*, 113 AD3d 785, 785-786 [2014]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of attempted murder in the first degree, robbery in the first degree, and robbery in the second degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was excessive to the extent indicated (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Rivera, J.P., Lott, Miller and Duffy, JJ., concur.