◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHID RAHMAN, Appellant. [989 NYS2d 306]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered August 15, 2012, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court excused potential jurors based upon hardship without conducting a sufficient inquiry is unpreserved for appellate review (*see People v Harris*, 115 AD3d 761, 762 [2014]; *People v Umana*, 76 AD3d 1111, 1112 [2010]; *People v Gonzalez*, 68 AD3d 627 [2009]; *People v Casanova*, 62 AD3d 88, 92 [2009]; *People v Toussaint*, 40 AD3d 1017, 1017-1018 [2007]) and, in any event, without merit (*see People v Umana*, 76 AD3d at 1112; *People v Toussaint*, 40 AD3d at 1017-1018).

The defendant contends that the Supreme Court erred in admitting into evidence the testimony of an undercover officer that he was told by an individual who was not called as a witness that he could buy drugs from the defendant, and that the individual also told him to give her money so she could buy drugs from the defendant. However, the contention is without merit since, as the court instructed the jury, the testimony was not offered for its truth, but rather, to explain the undercover officer's conduct leading to the defendant's arrest (*see People v Tosca*, 98 NY2d 660, 661 [2002]; *People v Chandler*, 59 AD3d

562 [2009]; *People v Reynolds*, 46 AD3d 845 [2007]; *People v Monroe*, 216 AD2d 494 [1995]). The defendant's contention that the testimony of the undercover officer violated his state and federal constitutional rights to confrontation is unpreserved for appellate review (*see People v Howell*, 44 AD3d 686, 687 [2007]). In any event, the testimony did not violate the defendant's right to confrontation, as the conversation it recounted was not testimonial in nature and the testimony was not elicited for the truth of the matter asserted (*see Crawford v Washington*, 541 US 36, 51-52 [2004]; *People v Rawlins*, 10 NY3d 136, 146-147 [2008]; *People v Reynoso*, 2 NY3d 820, 821 [2004]; *People v Basagoitia*, 55 AD3d 619, 620 [2008]).

The defendant's contentions that the prosecutor improperly vouched for the police witnesses and referred to facts not in evidence during her summation are unpreserved for appellate review, as he either failed to object to the remarks he now challenges or made only general objections (*see* CPL 470.05 [2]; *see People v Jorgensen*, 113 AD3d 793, 794 [2014]). In any event, the challenged comments constituted either fair comment on the evidence or fair response to the defense summation (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]). The failure of the defendant's attorney to object to certain portions of the prosecutor's summation did not constitute ineffective assistance of counsel, because counsel need not make an argument that has little or no chance of success (*see People v Stultz*, 2 NY3d 277, 287 [2004]; *People v James*, 72 AD3d 844, 845 [2010]). The defendant was afforded meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Mastro, J.P., Chambers, Lott and Roman, JJ., concur.