The People of the State of New York, Respondent, v Carl Wallace, Appellant. [997 NYS2d 756]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered July 15, 2011, convicting him of rape in the first degree, robbery in the third degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions that he was deprived of a fair trial by the admission of certain evidence regarding the complainant's medical examination and treatment in connection with her rape allegations and other actions that she took after the incident are largely unpreserved for appellate review, as the defendant failed to raise timely, specific objections to the admission of this evidence (see CPL 470.05 [2]). In any event, the trial court did not improvidently exercise its discretion in permitting the prosecutor to present the majority of the challenged evidence because it was relevant and its probative value outweighed its potential for unfair prejudice (see People v Scarola, 71 NY2d 769, 777 [1988]). To the extent that the admission of certain testimony concerning the medication prescribed to the complainant after the rape and the resulting side effects may have been improper, the introduction of such testimony was harmless, as the evidence of the defendant's guilt was overwhelming and there is no significant probability that this testimony contributed to the convictions (see People v Crimmins, 36 NY2d 230, 241-242 [1975]). Furthermore, the introduction of this testimony did not deprive the defendant of a fair trial.

The defendant's contention that the prosecutor made improper remarks during voir dire about the presumption of innocence is unpreserved for appellate review, as he either failed to object to the remarks he now challenges or made only general objections (see People v Romero, 7 NY3d 911, 912 [2006]; People v Rahman, 119 AD3d 820 [2014]). In any event, the prosecutor's remarks regarding the presumption of innocence were not patently improper or unduly prejudicial (see People v Dashosh, 59 AD3d 731 [2009]; cf. People v Slishevsky, 97 AD3d

1148, 1150 [2012]). Contrary to the defendant's contention, the challenged remarks did not misstate the law, they were directed to the pertinent issues of whether the prospective jurors could render an impartial verdict and follow the court's instructions (*see People v Pepper*, 59 NY2d 353, 358 [1983]), and, taken as a whole, they did not undermine or disparage the presumption of innocence (*cf. People v Alfaro*, 260 AD2d 495, 496 [1999]; *People v Bussey*, 62 AD2d 200, 203-204 [1978]).

The defendant's claims that the prosecutor engaged in improper questioning and made improper remarks during the opening statement and summation are, for the most part, unpreserved for appellate review, as he either did not object to the questioning or remarks at issue, made only general objections, or failed to request further curative relief on the specific grounds now asserted on appeal when the trial court sustained his objections (*see* CPL 470.05 [2]; *People v Ambers*, 115 AD3d 671, 672 [2014], *lv granted* 23 NY3d 1059 [2014]; *People v Jorgensen*, 113 AD3d 793, 794 [2014], *lv granted* 23 NY3d 1063 [2014]; *People v Tomlinson*, 67 AD3d 826 [2009]; *People v Salnave*, 41 AD3d 872, 874 [2007]). In any event, the challenged questions and remarks do not warrant reversal (*see People v Santiago*, 82 AD3d 1271, 1272 [2011]; *People v Tomlinson*, 67 AD3d at 826; *People v Dashosh*, 59 AD3d at 731). The prosecutor's conduct during cross-examination was not improper (*see People v Quezada*, 116 AD3d 796, 797 [2014]), the challenged portion of the opening statement was not improper since it served to introduce the People's theory of the case, and was consistent with the evidence they proceeded to present (*see People v Jorgensen*, 113 AD3d at 795), and the challenged summation remarks were either fair response to the defense summation (*see People v Galloway*, 54 NY2d 396, 399 [1981]) or were not so flagrant or pervasive as to deny the defendant a fair trial (*see People v Jorgensen*, 113 AD3d at 795).

Defense counsel's failure to object to the alleged evidentiary errors and challenged questions and remarks did not constitute ineffective assistance of counsel (*see People v Ennis*, 11 NY3d 403, 415 [2008]; *People v McGowan*, 111 AD3d 850, 851 [2013]; *People v Brown*, 106 AD3d 754 [2013]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Dickerson, Austin and Maltese, JJ., concur.