■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP JOUBERT, Appellant. [999 NYS2d 552]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered December 15, 2011, convicting him of sexual abuse in the first degree (two counts), sexual abuse in the second degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in precluding expert testimony on the issue of false confessions because the proposed testimony was not relevant to the specific circumstances of this case (see People v Bedessie, 19 NY3d 147, 161 [2012]; People v Rosario, 100 AD3d 660, 661 [2012]; People v Mutterperl, 97 AD3d 699, 700 [2012]).

The defendant's contention that certain remarks made by the prosecutor during summation deprived him of a fair trial is largely unpreserved for appellate review, since he either failed to object to the remarks at issue, made only a general objection, or failed to request further curative relief or move for a mistrial when his objections were sustained, and his motion for a mistrial, which did not identify all the specific errors he asserts on appeal, was untimely (see CPL 470.05 [2]; People v Philips, 120 AD3d 1266, 1268 [2014]; People v Allen, 114 AD3d 958, 959 [2014]; People v Hoke, 111 AD3d 959, 960 [2013]). In any event, the challenged remarks were fair comment on the evidence, fair response to the defense summation (see People v Galloway, 54 NY2d 396, 399 [1981]; People v Ashwal, 39 NY2d 105, 109-110 [1976]), or were not so flagrant or pervasive as to deny the defendant a fair trial (see People v Rhodes, 115 AD3d 681, 682-683 [2014]; People v Fields, 115 AD3d 673, 674 [2014]; People v Jorgensen, 113 AD3d 793, 795 [2014]). To the extent that any prejudicial effect may have resulted from any of the challenged remarks, it was ameliorated by the court's instructions (see People v Galloway, 54 NY2d at 399; People v Safian, 46 NY2d 181, 190 [1978]; People v Jorgensen, 113 AD3d at 795; People v Robinson, 159 AD2d 598 [1990]). Mastro, J.P., Leventhal, Miller and Maltese, JJ., concur.