■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAVARRO JOHNSON, Appellant. [5 NYS3d 902]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered June 21, 2012, convicting him of attempted robbery in the first degree, attempted robbery in the second degree, assault in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that certain comments made by the prosecutor during her summation were improper and denied him a fair trial is unpreserved for appellate review since he either failed to object to the comments he now challenges, made only a general objection, objected on grounds other than those currently raised, or failed to request additional instructions when the court gave curative instructions, and did not move for a mistrial on the specific grounds he now asserts on appeal (*see* CPL 470.05 [2]; *People v Joubert*, 125 AD3d 686 [2015]; *People v Wallace*, 123 AD3d 1151 [2014]; *People v Jorgensen*, 113 AD3d 793, 794-795 [2014]). In any event, the challenged remarks were fair comment on the evidence, fair response to the defense summation (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]), or were not so flagrant or pervasive as to deny the defendant a fair trial (*see People v Thompson*, 125 AD3d 899 [2015]; *People v Joubert*, 125 AD3d 686 [2015]). To the extent that any prejudicial effect may have resulted from the challenged remarks, it was ameliorated by the court's instructions (*see People v Galloway*, 54 NY2d at 399; *People v Safian*, 46 NY2d 181, 190 [1978]; *People v Jorgensen*, 113 AD3d at 794-795). Defense counsel's failure to object to the subject comments did not constitute ineffective assistance of counsel (*see People v Ennis*, 11 NY3d 403, 415 [2008]; *People v Stultz*, 2 NY3d 277, 287 [2004]; *People v Wallace*, 123 AD3d 1151 [2014]; *People v Rahman*, 119 AD3d 820, 821 [2014]).

The sentence imposed was not excessive (*see People v Suitte*,

90 AD2d 80, 83 [1982]). Eng, P.J., Leventhal, Hall and Roman, JJ., concur.