■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD CARTER, Appellant. [14 NYS3d 901]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered September 4, 2013, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that certain comments made by the prosecutor during his opening statement and summation were improper and deprived him of a fair trial is largely unpreserved for appellate review, because he either failed to object, or made only general objections, to most of the challenged remarks (*see* CPL 470.05 [2]; *People v Johnson*, 127 AD3d 1234 [2015]; *People v Terry*, 122 AD3d 882 [2014]; *People v Philips*, 120 AD3d 1266 [2014]). In any event, the challenged remarks were fair comment on the evidence and the reasonable inferences to be drawn therefrom (*see People v Ramrattan*, 126 AD3d 1013 [2015]; *People v Williams*, 123 AD3d 1152 [2014]; *see also People v Vargas*, 168 AD2d 317 [1990]), fair response to the defense summation (*see People v Johnson*, 127 AD3d 1234 [2015]), or do not otherwise require reversal (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Rivera*, 128 AD3d 857 [2015]; *People v Philips*, 120 AD3d 1266 [2014]).

Further, defense counsel's failure to object, or object specifically, to most of the challenged comments did not deprive the defendant of the effective assistance of counsel (*see People v Williams*, 123 AD3d 1152 [2014]; *People v Wallace*, 123 AD3d 1151 [2014]; *People v Ervin*, 118 AD3d 910, 912 [2014]). Eng, P.J., Hall, Hinds-Radix and LaSalle, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY COUNCIL, Appellant. [13 NYS3d 844]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Zayas, J.), imposed February 28, 2013, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (*see People v Bradshaw*, 18 NY3d 257, 264-267 [2011]; *People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Stanley*, 99 AD3d 955 [2012]). Eng, P.J., Mastro, Hall, Miller and LaSalle, JJ., concur.