█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARIZ GUZMAN, Appellant. [20 NYS3d 612]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered January 17, 2012, convicting him of robbery in the second degree, grand larceny in the fourth degree,

and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to establish his guilt of robbery in the second degree beyond a reasonable doubt because the People failed to establish that he forcibly stole the complainant's property (*see* Penal Law §§ 160.00, 160.10). However, that issue is not preserved for appellate review, as he made only a general motion to dismiss at the close of the People's case (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Martinez*, 116 AD3d 983, 983 [2014]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish his guilt beyond a reasonable doubt.

The defendant's contention that the testimony of the complainant was incredible as a matter of law is also unpreserved for appellate review (*see People v Hewitt*, 82 AD3d 1119, 1121 [2011]; *People v Carlucci*, 80 AD3d 621, 622 [2011]). In any event, the complainant's testimony was not incredible as a matter of law, as it was not manifestly untrue, physically impossible, contrary to experience, or self-contradictory (*see People v Mitchell*, 68 AD3d 1019, 1019 [2009]; *People v Garafolo*, 44 AD2d 86, 88 [1974]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of all counts was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Mastro, J.P., Dickerson, Roman and Maltese, JJ., concur.