Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Donnino, J.), rendered June 13, 2014, convicting him of murder in the second degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Viewing the entirely circumstantial evidence in this case in the light most favorable to the prosecution, and giving it the benefit of every reasonable inference to be drawn from it (see People v Lewis, 64 NY2d 1111, 1112 [1985]; People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention that the Supreme Court’s circumstantial evidence charge was inadequate is unpreserved for appellate review (see CPL 470.05 [2]; People v Rudolph, 132 AD3d 912, 913 [2015]) and, in any event, without merit.
The defendant’s contention that certain remarks made by the prosecutor during summation deprived him of a fair trial is also unpreserved for appellate review, since he either failed to object to the remarks at issue, made only a general objection, or failed to request further curative relief when his objections were sustained (see CPL 470.05 [2]; People v Romero, 7 NY3d 911, 912 [2006]). In any event, the challenged remarks were fair comment on the evidence and the reasonable inferences to be drawn therefrom (see People v Carter, 130 AD3d 1060 [2015]; People v Ramrattan, 126 AD3d 1013 [2015]; People v Williams, 123 AD3d 1152 [2014]), fair response to the defense summation (see People v Johnson, 127 AD3d 1234 [2015]), or do not *1141 otherwise require reversal (see People v Galloway, 54 NY2d 396, 399 [1981]; People v Ashwal, 39 NY2d 105, 109-110 [1976]; People v Rivera, 128 AD3d 857 [2015]; People v Philips, 120 AD3d 1266 [2014]).
The defendant’s contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a “mixed claim” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011]; see People v Rosado, 134 AD3d 1133 [2015]). It is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (see People v Fabers, 133 AD3d 616, 617-618 [2015]). Since the defendant’s claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Renaud, 137 AD3d 818 [2016]; People v Addison, 107 AD3d 730, 732 [2013]; People v Freeman, 93 AD3d 805, 806 [2012]; People v Maxwell, 89 AD3d at 1109).
Rivera, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.