Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lopresto, J.), rendered February 4, 2015, convicting him of assault in the third degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
At trial, the complainant testified that the defendant attacked her and, among other things, punched her twice in the stomach and lifted and dropped her to the ground. She testified that she suffered a lot of pain and was immobilized for almost a month recovering from a broken rib she sustained as *984 a result of the attack. Upon a jury verdict, the defendant was convicted of assault in the third degree.
The defendant’s contention that the evidence was legally insufficient to support his conviction is unpreserved for appellate review (see People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt (see Penal Law § 120.00 [1]; People v Chiddick, 8 NY3d 445, 447 [2007]; People v Carson, 126 AD3d 996 [2015]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Romero, 7 NY3d 633, 644-645 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). Contrary to the defendant’s contention, the complainant’s testimony was not incredible (see People v Guzman, 134 AD3d 852 [2015]; People v Mitchell, 68 AD3d 1019 [2009]).
The defendant’s contention that he was denied his constitutional right to present a defense and to confront witnesses by the Supreme Court’s limitation of cross-examination regarding an abortion the complainant underwent is unpreserved for appellate review (see CPL 470.05 [2]; People v Lane, 7 NY3d 888, 889 [2006]). In any event, the defendant’s contention is without merit (see People v Corby, 6 NY3d 231, 234 [2005]). To the extent the defendant claims that the limitation on cross-examination constituted evidentiary error, the contention is without merit, as the jury was aware that the complainant was upset with the defendant after a “medical procedure” involving “the life of a child,” and further questioning into the circumstances of the abortion would have served only to inflame the jury (see People v Perryman, 178 AD2d 916, 917 [1991]).
The defendant’s contention that certain lines of questioning by the prosecutor on his cross-examination were improper and deprived him of a fair trial is unpreserved for appellate review, as the defendant either failed to make specific and timely objections to the questions or failed to seek further ameliorative action after certain objections were sustained (see CPL 470.05 [2]; People v Lane, 7 NY3d at 889; People v Mohabir, 111 AD3d 851 [2013]). In any event, the prosecutor’s questions did not *985 deprive the defendant of a fair trial, and any other error in this regard was harmless, as there was overwhelming evidence of the defendant’s guilt, and no significant probability that any error contributed to the defendant’s conviction (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).
The defendant’s contention that certain remarks by the prosecutor in summation deprived him of a fair trial is not preserved for appellate review (see CPL 470.05 [2]; People v Singletary, 132 AD3d 914 [2015]). In any event, the challenged remarks were fair comment on the evidence, fair response to the defense summation (see People v Galloway, 54 NY2d 396, 399 [1981]; People v Marks, 6 NY2d 67, 77 [1959]; People v Carter, 130 AD3d 1060 [2015]), or were not so flagrant or pervasive as to deny the defendant a fair trial (see People v Thompson, 125 AD3d 899 [2015]; People v Joubert, 125 AD3d 686 [2015]; People v Ward, 106 AD3d 842 [2013]).
Hall, J.P., Cohen, Miller and Barros, JJ., concur.