People v Breazil (2018 NY Slip Op 07138)





People v Breazil


2018 NY Slip Op 07138


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2015-04573
 (Ind. No. 8076/13)

[*1]The People of the State of New York, respondent,
v
Shytuan Breazil, appellant.


Paul Skip Laisure, New York, NY (Jenin Younes of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered May 19, 2015, convicting him of attempted murder in the second degree, robbery in the first degree, and burglary in the first degree, upon a jury verdict, and sentencing him to consecutive determinate terms of imprisonment of 25 years for each conviction.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, (1) by reducing the term of imprisonment imposed on the conviction of attempted murder in the second degree from a determinate term of imprisonment of 25 years to a determinate term of imprisonment of 20 years, (2) by reducing the terms of imprisonment imposed on the convictions of robbery in the first degree and burglary in the first degree from determinate terms of imprisonment of 25 years to determinate terms of imprisonment of 10 years, and (3) by providing that the terms of imprisonment imposed on the convictions of robbery in the first degree and burglary in the first degree shall run concurrently with each other, and the term of imprisonment imposed on the conviction of attempted murder in the second degree shall run consecutively to the terms of imprisonment imposed on the convictions of robbery in the first degree and burglary in the first degree; as so modified, the judgment is affirmed.
On the afternoon of September 18, 2013, the defendant forced his way into the apartment of his friend's 76-year-old grandmother, stabbed her with a kitchen knife nine times, and fled with a shopping bag containing the complainant's keys and wallet. At trial, the People presented DNA evidence linking the defendant to the attack. After the trial, the jury found the defendant guilty of attempted murder in the second degree, robbery in the first degree, and burglary in the first degree. The Supreme Court imposed consecutive determinate terms of imprisonment of 25 years for each conviction, and the sentence was thereafter automatically reduced to 50 years by the department of Corrections and Community Supervision because it exceeded the maximum allowable 50-year term for three class B felony convictions (see Penal Law § 70.30[1][e][vi]). The defendant appeals from the judgment.
The defendant's contention that the testimony of an analyst from the Office of the Chief Medical Examiner violated his right to confrontation is without merit. The analyst's testimony established that she used "her independent analysis on the raw data" to conclude that the complainant's DNA was on a blood-smeared wallet recovered from the defendant, as well as on parts [*2]of a broken knife that was discovered on scaffolding outside the building where the defendant was arrested, and that it was 157 billion times more likely than not that the defendant's DNA was included in a mixture of skin cells found on a sweatshirt that was discovered next to the knife (People v John, 27 NY3d 294, 315; see People v Evans, 157 AD3d 716, 717). Based on this testimony, the analyst did not act "as a conduit for the conclusions of others" (People v John, 27 NY3d at 315), and the defendant's right to confront the witnesses against him was not violated.
The defendant's challenges to certain remarks made by the prosecutor during summation are unpreserved for appellate review (see CPL 470.05[2]). In any event, the challenged portions of the prosecutor's summation were fair comment on the evidence and the reasonable inferences to be drawn therefrom (see People v Rudenko, 151 AD3d 1084, 1085; People v Guzman, 138 AD3d 1140, 1140; People v Ramrattan, 126 AD3d 1013, 1014), a fair response to the defense summation (see People v Halm, 81 NY2d 819, 821; People v Johnson, 127 AD3d 1234, 1234), or do not otherwise require reversal (see People v Galloway, 54 NY2d 396, 399).
The sentence imposed was excessive to the extent indicated herein (see People v Rivera, 130 AD3d 655, 656; People v Holland, 119 AD3d 708, 709; People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
CHAMBERS, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court