People v Evans (2025 NY Slip Op 04189)

People v Evans

2025 NY Slip Op 04189

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
PHILLIP HOM, JJ.

2022-09855
 (Ind. No. 70053/22)

[*1]The People of the State of New York, respondent, 
v
Jarves Evans, also known as "J," appellant.

Mark Diamond, Pound Ridge, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig S. Brown, J.), rendered November 1, 2022, convicting him of criminal possession of a controlled substance in the third degree, criminal sale of a controlled substance in the third degree (two counts), and criminally using drug paraphernalia in the second degree, upon a jury verdict, and sentencing him, as a second felony offender, to concurrent determinate terms of imprisonment of 10 years plus 3 years of postrelease supervision on each of the convictions of criminal sale of a controlled substance in the third degree under count 3 of the indictment and criminal possession of a controlled substance in the third degree under count 4 of the indictment, to a determinate term of imprisonment of 10 years plus 3 years of postrelease supervision on the conviction of criminal sale of a controlled substance in the third degree under count 1 of the indictment, to run consecutively to the sentences imposed under counts 3 and 4 of the indictment, and to a definite term of imprisonment of 364 days on the conviction of criminally using drug paraphernalia in the second degree under count 5 of the indictment.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.
Following two controlled buys and a search warrant executed by the Port Jervis Police Department, the defendant was charged with two counts of criminal possession of a controlled substance in the third degree, two counts of criminal sale of a controlled substance in the third degree, and two counts of criminally using drug paraphernalia in the second degree. Following a jury trial, the defendant was convicted of two counts of criminal sale of a controlled substance in the third degree, one count of criminal possession of a controlled substance in the third degree, and one count of criminally using drug paraphernalia in the second degree. The defendant was sentenced to an aggregate term of imprisonment of 20 years, to be followed by a period of postrelease supervision.
The defendant failed to preserve for appellate review his contention that he was deprived of a fair trial by improper remarks made by the prosecutor during voir dire, as the defendant failed to object to the remarks he now challenges (see People v Romero, 7 NY3d 911, 912; People v Wallace, 123 AD3d 1151, 1151). In any event, the prosecutor's remarks during voir dire were not [*2]patently improper or unduly prejudicial and did not misstate the law (see People v Ortiz, 189 AD3d 891, 892; People v Wallace, 123 AD3d at 1151).
The defendant also failed to preserve for appellate review his contention that the jury verdict finding him guilty of criminal sale of a controlled substance in the third degree (count 1) and acquitting him of criminal possession of a controlled substance in the third degree (count 2) was repugnant, as the defendant failed to raise this contention before the formal discharge of the jury at trial (see People v Nagle, 223 AD3d 846, 847; People v Wilson, 147 AD3d 793, 793, affd 32 NY3d 1). In any event, the defendant's contention is without merit. "'A verdict is repugnant only if, when viewed in light of the elements of each crime as charged to the jury, it is legally impossible—under all conceivable circumstances—for the jury to have convicted the defendant on one count but not the other'" (People v Nagle, 223 AD3d at 847 [internal quotation marks omitted], quoting People v Williams, 211 AD3d 1055, 1058; see People v Lane, 177 AD2d 713, 713). Here, the jury's acquittal on one count of criminal possession of a controlled substance in the third degree was not repugnant to the conviction of criminal sale of a controlled substance in the third degree, as "possession is not a necessary element of criminal sale of a controlled substance in the third degree" (People v Smiley, 73 AD3d 1096, 1096; see Penal Law §§ 220.16, 220.39).
The defendant failed to preserve for appellate review his contention that the County Court erred in denying his motion to dismiss count 4 of the indictment, charging him with criminal possession of a controlled substance in the third degree, as a lesser included offense of count 3 of the indictment, charging him with criminal sale of a controlled substance in the third degree, because the defendant's general motion to dismiss the charges at the close of the People's case was "not specifically directed at the deficiencies now being argued" (People v Costa, 222 AD3d 775, 775; see People v Profit, 237 AD3d 752, 752). In any event, criminal possession of a controlled substance in the third degree is not a lesser included offense of criminal sale of a controlled substance in the third degree (see People v Biggs, 280 AD2d 484, 484; People v Figueroa, 219 AD2d 606, 607), and, thus, the court properly denied the defendant's motion.
Further, contrary to the defendant's contention, the County Court providently exercised its discretion in admitting two cell phones into evidence at trial because they were relevant to the issue of whether the defendant knowingly and unlawfully sold the controlled substances. Generally, evidence is relevant when "it has any tendency in reason to prove the existence of any material fact," meaning that "it makes determination of the action more probable or less probable than it would be without the evidence" (People v Scarola, 71 NY2d 769, 777; see People v David, 41 NY3d 90, 101). Here, the cell phones were relevant because they were found in the vicinity of the defendant during the execution of the search warrant and the number assigned to one of the cell phones matched the number that the confidential informant contacted to set up the controlled buys. Moreover, one of the investigating detectives testified that it is common for individuals who sell narcotics to have multiple cell phones to separate business and personal affairs.
Contrary to the defendant's contention, defense counsel was not ineffective, because "'[a] defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success'" (People v Shoshi, 177 AD3d 779, 781, quoting People v Stultz, 2 NY3d 277, 287).
The sentence imposed was excessive to the extent indicated herein (see People v Brisman, ___ NY3d ___, 2025 NY Slip Op 00123; People v Suitte, 90 AD2d 80).
MILLER, J.P., DOWLING, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court